IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELMER B. GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-168-GKF-TLW |
| | ) |
| WASHINGTON COUNTY OKLAHOMA, | ) |
| JAMES WEAVER, CARLOTTA GORDON, | ) |
| MARJORIE PARRISH, GARY A. DECKARD, | ) |
| LINDA D. HERNDON, and MIKE DUNLAP, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the court are the Motion to Dismiss of defendants Washington County, Oklahoma, James Weaver, Marjorie Parrish, Gary A. Deckard, Linda D. Herndon and Mike Dunlap [Doc. #7], the "Motion to Dismiss" of plaintiff Delmer B. Garrett [Doc. #8][1] and the "Request for a Rule 55 Judgment by Default" [Doc. #13] against Carlotta Gordon, also filed by plaintiff Garrett.

According to the complaint, the events underlying this suit arose out of a divorce case filed in state district court, *Carlotta Colene Garrett v. Dwayne Marvin Garrett,* Case No: FD-1994-469, Washington County District Court. It appears from the pleadings in that case, which are attached to plaintiff's complaint, that Dwayne Marvin Garrett (whose exact relationship to plaintiff is unclear) was formerly married to Carlotta Gordon and the court entered a default Journal Entry of Judgment Final Decree for Dissolution of Marriage on September 6, 2006. [Doc. #1 at 11-19]. Plaintiff alleges in this action that he was never served in the state court case. [Doc. #1 at 1].[2] He

---

[1]Though styled as a "Motion to Dismiss," the pleading actually appears to be a response in opposition to defendants' Motion to Dismiss. [Doc. #8].

[2]It is unclear why plaintiff, who was not a party to the divorce action, should have been served in the divorce case. It appears plaintiff is claiming the divorce decree disposed of real

asserts claims for common law fraud ("Action No. 1"), deprivation of due process under 42 U.S.C. §1983 ("Action No. 2") and criminal filing of falsified documents ("Action No. 3") In "Action No. 3," Garrett states, "I want everyone that's involved to receive maximum sentence afforded by law." [*Id.* at 2]. Because Garrett proceeds *pro se*, the court construes his pleadings liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

Defendants Parrish and Weaver are identified in the style of the case as "Washington Co. Clerk" and "Washington Co. Court Clerk," and defendants Deckard, Herndon and Dunlap are identified as Commissioners of Washington County. These defendants (collectively the "Washington County Defendants") have sought dismissal pursuant to Fed.R.Civ. P. 12(b)(2), (4), (5) and (6).[3] The court makes its ruling herein on the basis of Rule 12(b)(6) (failure to state a claim) and Rule 12(b)(1) (lack of subject matter jurisdiction).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (citations omitted). Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citations omitted). "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage

---

property in which he claims an interest.

[3] Defendant Gordon was served in this case on March 25, 2011. [Doc. #12]. Her attorney entered an appearance on April 4, 2011. [Doc. #4]. On April 21, 2011, she filed, out of time, an answer which, inter alia, adopts the Washington County Defendants' Motion to Dismiss [Doc. #10].

2

in the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (citations omitted).

Plaintiff has not alleged that the parties are diverse, therefore the court cannot exercise diversity jurisdiction under 28 U.S.C. § 1332(a). The Court has also considered whether the complaint states any basis for it to exercise federal question jurisdiction over Garrett's claims under 28 U.S.C. § 1331. Garrett's first and third claims (common law fraud and criminal falsification of douments) are both state law claims.

Garrett's second claim for violation of his constitutional due process rights is barred by the Rooker-Feldman doctrine. "Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review state court judgments." *Read v. Klein*, 1 Fed. App'x 866, 869 (10th Cir. 2001) (citing *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir.1991) (holding that "[w]here a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983"); *Anderson v. State of Colorado*, 793 F.2d 262, 264 (10th Cir.1986)). "The losing party in a state court proceeding is generally barred 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Id.* (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). This principle is consistent with the statutory rule that review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court. 28 U.S.C. § 1257; *Read*, 1 Fed. App'x at 869. "The Rooker-Feldman doctrine bars not only direct review of state court judgments in federal court but also consideration of claims that are 'inextricably intertwined' with the state court judgment." *Read*, 1 Fed. App'x at

3

869 (citing *Facio*, 929 F.2d at 544 ).

Garrett attaches to his complaint various pleadings in the state court case at issue, *Carlotta Colene Garrett v. Dwayne Marvin Garrett,* Case No: FD-1994-469, Washington County District Court. Though intended to support the allegations of his complaint in this case, the pleadings illustrate why this court has no jurisdiction to hear this case. This dispute is a state court dispute, not a federal dispute. Garrett is challenging the actions of a state district court and the alleged actions of Washington County, the county clerk, the court clerk, and commissioners, in connection with that case. The allegations in this suit are inextricably intertwined with the state court case. The appropriate place to challenge the alleged conduct of these defendants and the sufficiency of service is by appeal through the state court system. A federal collateral challenge to the validity of the state court judgment is impermissible. Because the only plausible basis for federal jurisdiction in this case is barred by the Rooker-Feldman doctrine, this court has no basis for subject matter jurisdiction.

Additionally, plaintiff has failed to state a claim upon which relief can be granted. Defendant's complaint alleges he was "never served under due process." However, he has failed to allege with specificity the circumstances constituting his claim of fraud, as required by Fed.R.Civ.P. 9(b). Further, his complaint is wholly devoid of any factual allegations of any acts or omissions by *any* of defendants constituting common law fraud, deprivation of his constitutional right to due process or criminal falsification of documents.

Further, a district court has the authority to dismiss a claim *sua sponte* under Rule 12(b)(6) "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Andrews v. Heaton*, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007); *McKinney v. State of Okla., Dept. Of Human*

*Servs.*, 925 F.2d 363, 365 (10th Cir. 1991). Because the substance of this claim is barred by the Rooker-Feldman doctrine, it is patently obvious that this claim could not prevail in federal court.

IT IS THEREFORE ORDERED that defendants' Motion to Dismiss [Doc. # 7] is granted and plaintiff's claims are dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. A separate judgment of dismissal is entered herewith. The "Motion for Entry of Default by Court Clerk" against Carlotta Gordon [Doc. #13] is denied. Plaintiff's "Motion to Dismiss" [Doc. #8] is denied as moot.

DATED this 26th day of May, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma